14-237-cv
*Gertner v. Pace Univ.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

     At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of January, two thousand fifteen.

PRESENT:    JOSÉ A. CABRANES,
                CHESTER J. STRAUB,
                DEBRA ANN LIVINGSTON,
                      *Circuit Judges.*

DAVID GERTNER,

     *Plaintiff-Appellant,*

         v.                             No. 14-237-cv

PACE UNIVERSITY,

     *Defendant-Appellee.*

**FOR DAVID GERTNER:**             MICHAEL H. SUSSMAN, Sussman & Watkins, Goshen, NY.

**FOR PACE UNIVERSITY:**          EDWARD CERASIA II, Cerasia & Del Rey-Cone LLP, New York, NY.

     Appeal from a judgment of the United States District Court for Southern District of New York (Paul E. Davidson, *Magistrate Judge*).[*]

---

[*] The parties consented to proceeding before a magistrate judge pursuant to 28 U.S.C. § 636(c).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff David Gertner appeals from the District Court's January 7, 2014 judgment, after an eight-day bench trial, in favor of defendant Pace University ("Pace") on Gertner's claim for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Gertner alleges that Pace discriminated against him on the basis of his Brazilian national origin when it denied him a promotion to the position of full professor. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

When reviewing a judgment following a bench trial, we review a district court's findings of fact for clear error and its conclusions of law *de novo. Merck Eprova AG v. Gnosis S.p.A.*, 760 F.3d 247, 255 (2d Cir. 2014). Under the clearly erroneous standard, "the reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility." Fed. R. Civ. P. 52(a)(6). "We are not allowed to second-guess the court's credibility assessments," and "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 52 (2d Cir. 2011) (internal quotation marks omitted).

Upon review of the record and relevant law, we conclude that the District Court properly granted judgment in favor of Pace, substantially for the reasons stated in its thorough and well-reasoned January 7, 2014 order. Namely, the preponderance of the evidence did not show that Pace's legitimate, non-discriminatory reason for not promoting Gertner was a pretext for discrimination. Based on the District Court's extensive findings, neither Pace's inconsistent promotion standards, stray comments, imposition of an onerous course schedule, nor promotion of non-Brazilian faculty, either individually or collectively, established any discriminatory intent on the basis of Gertner's Brazilian national origin.

We have considered all of the arguments raised by plaintiff on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's January 7, 2014 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2